No. 04-783

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 247N

IN RE THE MARRIAGE OF

JOHN MIDDLEMISS,

       Petitioner and Appellant,

   and

JOAN E. ALLEN,

       Respondent and Respondent.

APPEAL FROM:   District Court of the Twentieth Judicial District,
In and for the County of Lake, Cause No. DR-97-226,
The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          John Middlemiss (pro se), Montana State Prison, Deer Lodge, Montana

     For Respondent:

          [No brief filed]

Submitted on Briefs:  September 13, 2005

Decided:  October 13, 2005

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant John Middlemiss (Middlemiss) appeals from a decision of the Twentieth Judicial District Court, Lake County, denying his petition for a hearing to enforce and modify the existing parenting plan in an action against his ex-wife Joan Allen (Allen). We affirm.

¶3 Middlemiss contends that Allen violated the terms of their existing parenting plan. In support of his argument, Middlemiss relies on the language of what he characterizes as "Final Parenting Plan." This plan purportedly imposes several requirements on Allen as the custodial parent, including the duty to keep Middlemiss informed of any intent to move, of their child's school records, and of any medical issues that the child may encounter. The District Court never adopted the document that Middlemiss characterizes as the "Final Parenting Plan" in the divorce decree. Allen proposed the plan to Middlemiss as evidenced by her signature on it, but Middlemiss chose not to sign it.

¶4 We agree with the District Court that the argument Middlemiss puts forth cannot be supported by the parenting plan in the court file. The District Court adopted the proposed parenting plan contained in section six of Allen's petition for dissolution of marriage. The decree of dissolution incorporates the only obligations of the parties regarding their child.

2

This plan requires only that the child reside with Allen, and that Middlemiss' time with the child be arranged with Allen in accordance with the child's best interest. It imposes no other specific obligations, including any provision that requires Allen to keep Middlemiss apprised of any information regarding the child. Affirmed.

¶5 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.

/S/ BRIAN MORRIS

We Concur:

/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE